

Sondra Jurica
Sondra.jurica@ltdfin.com
Chief Compliance Officer and General Counsel

LTD Financial Services, L.P.
3200 Wilcrest Dr.
Suite 600
Houston, TX 77042
Phone: (713) 414-2100
Fax: (713) 414-2120

September 7, 2022

The Honorable George C. Hanks, Jr.　　　　　　　　　　　　　　　*VIA ECF*
United States District Judge
Southern District of Texas – Houston Division

　　RE:　　Defendant's Request for Pre-Motion Conference
　　　　　　*Gardner and Gardner v. LTD Financial Services, LP*, Case No. 4:22-CV-02531

Dear Judge Hanks,

　　Defendant LTD Financial Services, LP ("LTD") respectfully submits this pre-motion conference letter pursuant to §6(B) of this Court's procedures. For the reasons discussed below, Defendant intend to file a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1).

　　**Summary**. Plaintiffs allege that LTD violated §1692e and §1692f of the Fair Debt Collection Practices Act (the "FDCPA") when it attempted to collect a debt that was not owed. However, Plaintiffs alleges no concrete harm or damage that they have, in fact, suffered as a result of the alleged actions by LTD. Therefore, Plaintiffs lack standing; and the lawsuit should be dismissed.

　　**Background**. In February 2021, Plaintiffs submitted a credit application to Canvas Town Homes ("Canvas") in connection with a lease to rent an apartment. Plaintiffs allege that the lease with Canvas was canceled and no monies were owed. During 2021 and 2022, Canvas sent bills to Plaintiffs seeking payment of $5,014 due under the lease (the "Debt"). Each time Plaintiffs would dispute the Debt with Canvas, Plaintiffs were informed that the Debt was not owed.

　　Sometime in 2022, LTD began contacting Plaintiffs regarding the Debt. Plaintiffs allege that it disputed the Debt with LTD, including

　　(a)　Plaintiff Mathew disputing the Debt and allegedly providing proof that the debt was not owed via e-mail.

　　(b)　A manager at Canvas sending an email on June 28, 2022 to LTD advising that the Debt was not owed and was sent to collections in error.

　　(c)　Plaintiff Sandra calling and disputing the Debt in June 2022 with LTD and resending the documented proof that was allegedly previously sent by Plaintiff Mathew.

　　Plaintiffs further allege that LTD confirmed receipt of the documented proof, but stated the Debt was owed until the original creditor contacted LTD directly. Plaintiffs allege that despite Plaintiffs dispute of the Debt, LTD continued to make harassing collection calls to the Plaintiffs. Plaintiffs alleges that they retained counsel to file this action and needed to expend energy/time

consulting with attorneys as a direct result of LTD's alleged unlawful collection practices and thus incurred costs and expenses.

Based upon the forgoing facts, Plaintiffs allege that LTD violated §1692e and e(2) by falsely representing that the debt was owed; when it was not owed.  Plaintiffs further allege that LTD violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiffs into paying the Debt; when it was not owed.   Finally, Plaintiffs allege that LTD violated §1692f by using unfair and unconscionable means to collect the Debt because it allegedly knew the Debt was not owed and continued with collection efforts.

<u>Argument</u>. This Court lacks jurisdiction to hear Plaintiffs' claims because Plaintiffs have failed to show that they suffered a concrete injury-in-fact.  As the Fifth Circuit recently recognized, the Supreme Court clarified standing's concrete-injury requirement in *Transunion*.   *Perez v. McCreary, Veselka, Bragg & Allen, P.C*, No. 21-50958 (5th Cir. August 15, 2022).  The Supreme Court in *Transunion* reiterated that "a purported injury is not concrete for purposes of Article III unless it has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts."   *Id*. (citing *Transunion*,141 S.Ct. at 2200 (quoting *Spokeo*, 578 U.S. at 340-341).

The Fifth Circuit has recognized that the focus should be "on the types of harms protected at common law, not the precise point at which those harms become actionable."  *Id*. (quoting *Cranor v. 5 Star Nutrition, LLC,* 998 F. 3d 686, 693 (5th Cir. 2021).   Therefore, Plaintiffs "need to show that the type of harm each has suffered is similar in kind to a type of harm that the common law has recognized as actionable. If [they] can't do that, [they haven't] suffered a concrete injury and [don't] have standing to bring suit."  *Id*.

Plaintiffs have not alleged that they personally suffered any injury in fact as a result of LTD's alleged violations.  To the contrary, the Complaint only provides bare bone statements related to any alleged injury incurred by Plaintiffs, including that they (1) retained counsel to file this action; (2) expended energy/time consulting with attorneys, thus incurring costs and expenses; and (3) had been harmed and suffered damages.

As an initial point, Plaintiffs cannot rely on the alleged violations of the FDCPA to satisfy standing. The Supreme Court "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Transunion*, 141 S. Ct. at 2205.  Nor can Plaintiffs claim an injury in fact based upon the alleged time and energy expended consulting with attorneys.  As the Fifth Circuit noted in *Perez*, it was not aware of any tort that makes a person liable for wasting another's time. .

Nor can Plaintiffs claim that LTD's alleged continued call after receiving the June 28, 2022 email from Canvas is closely related to the tort of intrusion upon seclusion.   In *Perez*, the Fifth Circuit reviewed the use of the tort of intrusion upon seclusion in connection with a claim for violation of §1692e and found that the intrusion upon seclusion was not related to the type of injury that §1692e was attempting to protect.   The Fifth Circuit noted that §1692e was meant to protect against "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt" and was not concerned with consumer privacy. The Court went on to state that Congress expressed concern about consumer privacy in §1692d of the FDCPA.   The Court found that the plaintiff could not "bootstrap the harms [§1692d] recognizes as actionable to demonstrate standing to sue based upon [§1692e]." *Id*.   The same can be said for this case.   Plaintiffs have not alleged a violation of §1692d; and therefore cannot rely upon an alleged harm recognizable under §1692d to support standing to pursue the Plaintiffs claims under §1692e or §1692f.

Finally, Plaintiffs cannot claim to have an injury similar to the common law tort of fraud. A claim for common law fraud requires detrimental reliance. Plaintiffs have failed to allege how they were deceived or misled and do not claim that they relied on any alleged misrepresentation, much less, that they relied on it to their detriment. In other words, Plaintiffs never allege that they intended to pay the debt but could not do so because of LTD's failure to truthfully represent the amount of the debt.

For the reasons stated above, Plaintiffs lack standing to proceed with their claims and the Complaint should be dismissed. LTD, therefore, requests the Court schedule a pre-motion conference or give LTD leave to file its motion to dismiss.

Sincerely,

Sondra Jurica
Attorney for LTD Financial Services LP

### CERTIFICATE OF CONFERNCE

I hereby certify that on September 2, 2022, I conferenced with Counsel for the Plaintiffs regarding the Fifth Circuit's recent holding in *Perez* and LTD's intent to file a motion to dismiss. Plaintiffs' counsel opposed dismissal.

/s/ Sondra Jurica
Sondra Jurica
General Counsel for Defendant, LTD Financial Services, LP

### CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2022 a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Sondra Jurica
Sondra Jurica
General Counsel for Defendant, LTD Financial Services, LP